## STATE OF OREGON,
*Appellant,*

*v.*

## GARY DANIEL KARLOW,
*Respondent.*

(91CR2744FE; CA A74084)

855 P2d 1134

Ann Kelley, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

The state seeks reversal of a pretrial order suppressing evidence. ORS 138.060(3). It argues that a spoon with methamphetamine residue was in plain view when police responded to a medical emergency in defendant's hotel room. We reverse and remand.

Fearing that he had overdosed on drugs or suffered a heart attack, defendant called 911 from his hotel room. The 911 dispatcher contacted Hunt, a police officer who was near the hotel. Hunt went to defendant's room, knocked and said "Police." Defendant told him to come in. Once inside, Hunt attended to defendant, who was lying on a bed. Another officer, Rachor, arrived. Both officers noticed marijuana on the bed and on the night stand. After Rachor noticed the marijuana, he began to look for more evidence. Ten minutes after his entry, Rachor found a spoon with what he thought was methamphetamine residue. The spoon was on a window sill. Defendant was arrested and searched. A bindle of methamphetamine was found in his pants pocket. On the basis of that bindle, he was later charged with possession of methamphetamine, a Schedule II controlled substance. ORS 475.992(4)(b).

Defendant made a pretrial motion to suppress evidence of the spoon and the bindle, arguing that the police had entered his room under the emergency aid doctrine and that that doctrine did not authorize the search that uncovered the methamphetamine. The court heard conflicting testimony concerning the location of the window and whether the spoon could be seen without moving the curtains.[1] No evidence was presented concerning whether Rachor needed to move the curtain in order to find the spoon.

The trial court found that:

"the defendant called, from his hotel room in Canyonville, 911 for an ambulance, indicating that he was the subject of

---

[1] Rachor testified that the window was within five to six feet of defendant's bed. He could not remember if the curtains were long or short. He said nothing about whether they were open. Defendant said that there was enough room between the window and the bed for a full-length couch and that the curtains were closed and could not be opened. He also said that the curtains were long. Hunt testified that the window was 10-15 feet away from where he stood as he tended to defendant and that the curtains were open. He did not say if the curtain was open when he arrived or when the spoon was discovered.

some drug overdose. That the first officer to the scene, Officer Hunt from Canyonville PD, knocked on the door and entered when directed to do so by the defendant, Mister — is it Karlow? — and he observed Mr. Karlow in some distress, apparently still on the phone to the 911 people, and then assisted him and in so doing, saw some evidence of, I think, marijuana, and subsequently Officer Rachor found, who was later at the scene, the methamphetamine I believe on a window sill.

"* * * * * *

"Based on the cases I mentioned — well, I guess the quote I find most compelling is [*State v. Paulson*, 103 Or App 23, 795 P2d 611 (1990)[2]] 'Evidence discovered during a noncriminal investigation is only admissible in a criminal trial if the intrusion into a protected area was authorized by statute or politically accountable body.'

"* * * * * *

"I find [*Paulson*] to be awfully close factually to this case * * * and I think that this case is close enough to it that I frankly couldn't distinguish it."

The trial court's order incorporates these findings.

■      The trial court apparently relied on our decision in *State v. Paulson, supra* n 2, and suppressed the evidence because it was discovered during a noncriminal investigation. As we have noted, our decision in *Paulson* was later reversed. *See* n 2. The Supreme Court said:

"If there was consent [to enter to render emergency aid], the officers' observations were permissible, and the warrant that issued based on those observations was valid." 313 Or at 352.

Defendant characterizes this language as a dictum, which does not bind this court. "Dicta are opinions of a judge which do not embody the resolution or determination of the court. * * *" *Black's Law Dictionary* 409 (5th ed 1979). The language quoted above resolves an issue central to *Paulson*: Is evidence openly observed in a consensual, emergency police entry admissible? It is not a dictum, and it binds this court.

■      Defendant next argues that, even if the officer's entry and observations were permissible under *Paulson*, the state

---

[2] After the pretrial hearing, *State v. Paulson*, 103 Or App 23, 795 P2d 611 (1990), was overturned by the Supreme Court. 313 Or 346, 833 P2d 1278 (1992).

has not established that the evidence was discovered in a valid warrantless search. The state responds that the evidence was in plain view. Whether the evidence was in plain view is the only remaining question before us.

We note at the outset that the trial court made no finding concerning the visibility of the spoon. The state argues that, if the trial court believed defendant's statement that the spoon was hidden by the curtain, it would never have discussed this court's decision in *Paulson*. Therefore, the state argues, the trial court impliedly rejected defendant's account. A similar argument concerning implied findings was rejected by the Supreme Court:

> "Defendants contend that the state has failed to prove consent [to search] in the present case. They claim that the trial court, because it granted defendants' motion to suppress the evidence, implicitly found that there was no consent here. We disagree. * * * The court did not address the issue of consent. The court ruled as a matter of law, not as a matter of fact. The question whether [defendant] consented to entry by the officers remains unresolved." *State v. Paulson, supra,* 313 Or at 352.

Here, the trial court ruled as a matter of law. It found no facts concerning whether the spoon was in plain view, and the issue remains unresolved. Accordingly, we reverse the order suppressing the evidence and remand for a hearing on whether the spoon was in plain view and for further proceedings.

Reversed and remanded.